UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MUTRICE HOBSON, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:07-cv-240-SEB-WTL |
| ) | |
| USA GROUP INC. SHORT-TERM ) | |
| DISABILITY INCOME PLAN, USA ) | |
| GROUP INC. LONG-TERM DISABILITY ) | |
| INCOME PLAN, and LUMBERMENS ) | |
| MUTUAL CASUALTY COMPANY, ) | |
| Defendants. ) | |

**ENTRY GRANTING DEFENDANTS' MOTION TO DISMISS**

This cause is before the Court on Defendants' Motion to Dismiss [Docket No. 9], filed on July 18, 2007, pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, Mutrice Hobson, brings her claim against Defendants, USA Group Inc. Short-Term Disability Income Plan ("the STD Plan"), USA Group Inc. Long-Term Disability Income Plan ("the LTD plan"), and Lumbermens Mutual Casualty Company ("Lumbermens"), for their allegedly improper denial of benefits and breach of fiduciary duty, in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1009, § 1104, § 1105, § 1132(A)(1)(B).

Defendants claim that Ms. Hobson's Complaint must be dismissed because: (1) she had failed to properly serve Defendants within 120 days of filing her Complaint; (2) this Court has previously dismissed an identical claim with identical parties; and (3)

Plaintiff failed to bring her claims within the applicable limitations periods imposed by the LTD Plan and ERISA.  For the reasons detailed in this entry, we GRANT Defendants' Motion to Dismiss.

## Factual Background

Ms. Hobson was employed as a Customer Service Representative at USA Group Loan Services, Inc., from 1993 to 1999.  Compl. ¶ 7.  On August 20, 1999, Ms. Hobson had an accident and, as a result, suffered multiple disabilities which she claims left her unable to work.  Id. ¶ 8.  In December 1999, Ms. Hobson applied for and was granted short-term disability benefits under the STD Plan, which was administered by Kemper National Services Integrated Disability Management ("Kemper").  Id. ¶ 10.  Ms. Hobson subsequently applied for long-term disability benefits under the LTD Plan, but in January 2000, she was denied those benefits.  Id. ¶ 11.  Although Ms. Hobson appealed the LTD Plan's decision to deny her long-term disability benefits, her final appeal was denied in May 2000.  Id.

These parties have outlined a somewhat protracted history of actions related to the above described facts.  Ms. Hobson originally filed a claim for disability benefits in this Court on April 29, 2003, against Kemper and Sallie Mae USA Group Employees Disability Plan ("Sallie Mae"), Cause No. 1:03-cv-617.  On March 18, 2004, we entered an Order [Docket No. 20] granting Kemper's motion to dismiss, pursuant to Rule 12(b)(6) because Kemper was the third-party administrator and therefore not a proper defendant.

On April 15, 2004, Ms. Hobson filed an amended Complaint [Docket No. 23] naming as defendants the STD Plan, the LTD Plan, and Lumbermens, which are the same parties named in this cause. Ms. Hobson and her attorney took no further action to prosecute her claims after filing the amended Complaint, and as a result, in an order filed on July 26, 2004, Ms. Hobson was Ordered to Show Cause [Docket No. 25] on or before August 22, 2004, why the action should not be dismissed for failure to prosecute. Ms. Hobson's attorney, Ruben Auger-Marchand, missed the August 22 deadline, and consequently, on October 5, 2004, the action was dismissed, pursuant to Rule 41(b) [Docket No. 26].[1]

However, Mr. Auger-Marchand moved to set aside the dismissal, claiming that neither he nor his client had received notice of the July 26 Order to Show Cause. That motion was granted, and we allowed an additional twenty-one days for service, with which Mr. Auger-Marchand represented that he had complied. However, the Court required that Mr. Auger-Marchand provide supplemental materials, including a summary of the date and manner of service which he maintained had been effected on each of the defendants. No supplemental information or other filing was ever submitted and, consequently, on February 1, 2005, the action was again dismissed for failure to

---

[1] Rule 41(b) provides:

Involuntary Dismissal: Effect Thereof.
For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

prosecute; specifically, that Ms. Hobson and her attorney failed to effectuate proper service on the defendants.

The February 1, 2005, Entry [Docket No. 32] on which the Judgment is based states in relevant part that: "Consistent with the foregoing, and with the prior orders in this action, the action is again dismissed for failure to prosecute. Judgment dismissing the action *with prejudice* shall now issue." (emphasis added). However, the Judgment [Docket No. 33] entered that same date, which specifically references the Entry dismissing the action with prejudice, states that: "The court, having this day made its Entry, IT IS NOW ADJUDGED that this case of action is dismissed *without prejudice*." (emphasis added).

On February 23, 2007, over two years following the original dismissal of the identical cause of action with identical parties, Ms. Hobson filed the instant Complaint. The parties' filings in this case have brought to light the discrepancy between the Entry and the Judgment in the previous action. Ms. Hobson contends that the prior action was only dismissed with prejudice as to Kemper, not as to the instant Defendants. Defendants argue that the February 1, 2005, Entry, which stated that the action was dismissed with prejudice, applied to all remaining defendants, including all Defendants named here. In the alternative, Defendants contend that this action should be dismissed regardless of the effect of the prior dismissal because they claim that Ms. Hobson and her attorney have yet again failed to effectuate proper service and that the claim is barred by the applicable limitations period.

4

## Legal Analysis

### I.    Discussion

The parties' filings in this cause have brought the clerical error in the previous action to the Court's attention; therefore, we first address the scope of our authority to give an order retroactive, or *nunc pro tunc*, effect.  Under Seventh Circuit precedent, district courts have inherent authority to issue *nunc pro tunc* orders "to show what was actually done, but not properly or adequately recorded."  LeBeau v. Taco Bell, Inc., 892 F.2d 605, 609 n.3 (7th Cir. 1989).  Thus, such orders are "typically used to correct clerical or ministerial errors or a failure of the court to reduce to judgment what it stated orally or in an opinion."  Transamerica Ins. Co. v. South, 975 F.2d 321, 325 (7th Cir. 1992).  The purpose of *nunc pro tunc* orders is "to clean up the records by showing what was previously done with effect from the time done; it is not to alter substantive rights."  King v. Ionization Int'l, Inc., 825 F.2d 1180, 1188 (7th Cir. 1987).  The Seventh Circuit recognizes that a district court may clarify whether a dismissal was entered with or without prejudice *nunc pro tunc*.  See LeBeau, 892 F.2d at 609 (making explicit that dismissal was with prejudice).

Here, the parties' briefing has revealed that our Judgment, entered on February 1, 2005, contained a clerical error, mistakenly stating that the action was dismissed without prejudice, which contradicted the Entry filed on the same date, dismissing the cause with prejudice.  In the previous action, Ms. Hobson and her attorney were given a number of opportunities by the Court to effectuate proper service on Defendants, but were unable to

do so.  We originally dismissed that action pursuant to Rule 41(b) for failure to prosecute.  Because the judgment did not otherwise state, the dismissal was on the merits – with prejudice.  See FRCP 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.").  As discussed above, that dismissal was subsequently set aside and Ms. Hobson and her attorney were given additional time to properly serve the defendants, yet were still unable to do so.  Having already dismissed the action once with prejudice, we did so again in our February 1, 2005, Entry.  Unfortunately, due to a clerical error, the Judgment states otherwise.  Thus, the Court now corrects that error *nunc pro tunc*, clarifying that we intended Ms. Hobson's prior action against Defendants to be dismissed *with prejudice*.

## II.    Conclusion

The Court's Judgment [Docket No. 33] in the prior action involving these parties, Cause No. 1:03-cv-617, which stated that the action was dismissed without prejudice, contained a clerical error; accordingly, IT IS ORDERED that the Court's Judgment dated February 1, 2005, be amended to read, "IT IS NOW ADJUDGED that this cause of action is dismissed with prejudice."  Because we have clarified *nunc pro tunc* that Ms. Hobson's claim against Defendants was previously dismissed with prejudice by this Court, she is thus barred from refiling this claim here.  Consequently, we GRANT Defendants' Motion to Dismiss.  Final judgment shall be entered accordingly.

IT IS SO ORDERED.

Date: ___01/31/2008___                              _____
                                                    SARAH EVANS BARKER, JUDGE
                                                    United States District Court
                                                    Southern District of Indiana

Copies to:

Ruben Auger-Marchand
INDIANA LEGAL SERVICES
ruben.auger@lsoi.org

Peter Petrakis
MECKLER BULGER & TILSON LLP
peter.petrakis@mbtlaw.com

Robert J. Schuckit
SCHUCKIT & ASSOCIATES, P.C.
rschuckit@schuckitlaw.com

Rachel S. Urquhart
MECKLER BULGER & TILSON LLP
rachel.urquhart@mbtlaw.com